Yes, Your Honor. Good morning, Your Honors, and may it please the court. My name is Marty Kutcher-Clark, and I represent the petitioner Miguel Rodriguez-Vazquez. I'd like to reserve three minutes for rebuttal. The VIA made two errors in this case. First, it denied Mr. Rodriguez's motion to remand without conducting any evaluation of his T-visa application. And second, it affirmed the immigration judge's had been improperly denied counsel. I'd like to start with the first issue, which is actually quite straightforward. When Mr. Rodriguez asked the VIA to remand his case to the immigration judge based on his T-visa application, the VIA was required, under both this court's precedent and its own precedent, to assess whether that visa application would likely change the immigration judge's earlier decision not to grant a continuance. The VIA simply did not conduct that assessment, and that's the error here. Which is the best case for the proposition that the VIA has to do that when the application is presented for the first time before the VIA? Your Honor, there are several cases that support that proposition. The VIA's own case law, including in the matter of Ramirez-Rios, Javier Alejandro Rosales, the matter of LNY. There are also a number of cases that other circuits have issued for this same proposition that this is the standard on a remand motion. Those include the First Circuit's case in Benitez v. Wilkinson, the Second Circuit's case in Cortez Gomez v. Barr, the Seventh Circuit's case in Guerra Rocha v. Barr, and the Ninth Circuit's case in Caballero Martinez v. Barr. Is there a Ninth Circuit case that says that the VIA has to consider on its own for the first time a key application or U application that's presented before it that was not presented to the IJ? So the Ninth Circuit standards here really collapse into each other. So I would ask the court to look at the case of Young who talks about how on a remand motion based on new evidence, the standard is whether the new evidence would have likely changed the decision below. And the decision below was to not grant a continuance. So once the VIA was looking at whether the new evidence would have likely changed the decision below, it needed to look at whether the new evidence would have likely supported a continuance, or it needed to remand the immigration judge to conduct that analysis. Even if the IJ didn't have the application in front of it? Yes, and that's what all of these cases support. What I really want to emphasize here is that this case does not present a unique fact pattern. The VIA regularly sees remand motions based on new developments and visa applications. And there's a very long string of cases under the VIA's own case law and other circuit precedent that all hold that in that scenario, the VIA or the immigration judge needs to assess whether the new visa application is likely to be granted. And the error here is that the VIA simply didn't do that analysis. And it didn't remand to the immigration judge that would have been undertaking that analysis. Do you agree that the VIA, you know, could take into account that the IJ had already granted a continuance specifically to allow the key application to be completed, and then it wasn't? Do you agree that that's something that the VIA could weigh and assess in considering whether to remand? Your Honor, absolutely. And that's one factor. And the VIA has talked about the relevant factors when assessing whether a continuance based on new visa applications should be granted. And what the VIA has said over and over again, is that the most significant consideration is the likelihood that the visa application would be granted and whether it's prima facie approvable. The fact that there have been other continuances is considered a secondary factor, but it can't overcome the most important factor, which the VIA simply didn't look at here, which was whether the visa application was prima facie approvable. Well, before you run out of time, I have one question on a tack. And that is, if we were to agree with you on this argument, would we have to reach the argument about right to counsel? In other words, if he obtains a remand for consideration on essentially, I'll call it the merits of the T visa and its effect, would we have to even consider whether we should have been counsel below? Yes, Your Honor, because the immigration judge's order of removal is based on testimony that it took from Mr. Rodriguez at a hearing where counsel was not present. So it would still be significant for this court to find that he had been improperly denied. What difference would it make if he you're not challenging as I understand it, that his conviction was for a crime involving moral turpitude and that what you're seeking is a state a waiver of indemnizability or a stay of removal based on human trafficking. So I'm not I don't really understand what difference it would make to say well, gee, he should have been counsel because he would get a second light at the apple. I don't follow that. I think it would be important because going back on remand, it would be significant that the immigration judge would no longer be entitled to consider the testimony that it took from Mr. Rodriguez while he was pro se without his counsel present. How would that affect the T visa question? It doesn't. But it goes to the order of removal. That's also an issue here. What's the status of the T visa application? It remains pending before USC is I'll represent that USC is has reached out to Mr. Rodriguez for additional evidence that he's submitted to USC is but it has not yet ruled on it. And it has not. It hasn't it's neither granted nor denied the visa at this point. And it hasn't made a primary statement yet. Has he applied for a waiver of inadmissibility? Yes, he has. And what's the status of that? That has not been granted or denied either at this point. Thank you. If there are no further questions, I'd like to reserve the rest of my time for rebuttal. You may do that. Thank you. Thank you, Your Honors. We'll hear from the government. Good morning, Your Honors. May it please the court, Andrew Nsingha on behalf of the Attorney General. What petitioners failed to appreciate is the two page brief and motion to remand filed before the agency that's located on pages AR 141 and 42. The reason this is so important is this case involves issues of exhaustion and fatigue. And simply complaining about the errors a petitioner made in his perfunctory filing. This is a three page document. The first paragraph talks about the denial of the continuous by the IJ, but petitioners explicitly abandoned that any objection to that issue. The second paragraph talks about the denial of his asylum. Again, petitioners explicitly abandoned any objection to that. The third paragraph is a mere conclusion. From that, the agency more than adequately discussed the motion to remand that was filed before it. I'll start briefly with the right to counsel issue. But certainly the BIA took the issue of remand in light of the T application to be before it, it reached the merits. So normally when an agency reaches the merits, we don't flyspeck the papers that were incoming, do we? Well, we have to look at, yes, we do, because we have to decide what was raised to the agency, what was exhausted. But if the agency actually decides. Yeah, I'm sorry. Go ahead, Judge Collins. If the agency actually decides an issue and gives us its views on the issue, do we care at that point what papers it got? Because it's exhausted if the agency decides it. Well, we have to look at what the agency decided, simply said we're not going to remand based on what we had before. But what it had before it was zero argument at zero argument on detention, it had zero argument on the prime facial eligibility at zero argument on the TV, the waivers of invincibility, it had zero argument, everything that is necessary for a motion to remand. At that point, didn't the BIA have the TV's application and all of the exhibits in front of it at the time? Yes, but it's equivalent to simply some litigant sending this for some random application without an explanation. That's not how the BIA treated it, counsel. They discussed it and it just simply said, you know, that they weren't going to grant the remand anyway. They didn't say this wasn't argued. They didn't say we're not going to consider the merits of it. They just decided against them on the merits of the issue that's before us. And it also seems to me that that folds into the question about counsel, because if there had been counsel or a knowing waiver of counsel, we might have had a different brief. Well, the sort of two separate issue, I'll address the first issue generically about the motion to remand, your honor. The agency can't decide arguments not presented to it. So petitioners counsel. Here's what it decided. I'm looking at AR3. It says the respondent has offered evidence on appeal showing that he filed his application for a T visa on July 5th, 2019. However, a remand is not warranted to await adjudication, the application, blah, blah, blah, and goes and gives its reasoning. It decided whether or not a remand is required in light of the filing of the T visa application. So I don't see how you can say that issue is not exhausted. Your honor, I'm not suggesting the issue is unexhausted. What I'm saying is that the agency adequately decided what was put before it. What was put before it was a motion to remand to discuss absolutely no factor. Okay. So if you're conceding that the agency decided it and that it's exhausted and everything you said about it being missing from the application, you concede is relevant. No, your honor, it is relevant because all these things are necessary to show eligibility for relief. We're not talking petitioner seems to misunderstand the difference between an application for relief and a mere visa petition. An application for relief includes all the things necessary for an application that includes the visa application. If you will, it would include waivers. That's because the waivers are necessary. A non-immigrant or immigrant must be admissible in order to receive a visa. So if you don't explain how you're eligible for waivers of an admissibility, then you simply fail to tell the agency why it should continue to hold this case in the vance when you just simply haven't told the agency what merit your case is. Did the agency rely in its explanation for why it wasn't going to give a remand, did it rely on the fact that, you know, these explanations had not been made and that an argument as to waiver of admissibility had not been made, is that in the agency's order? No, your honor. But what that shows is petitioner's new claims of error are simply not in error when the agency can't consider something not raised before. The easiest example here is when petitioner claims essentially the DVPRA, essentially the purposes are undermined when the board doesn't grant reopening. How is the agency supposed to evaluate that legalistic argument when it's never presented before it? And particularly given this is a situation where the court would potentially owe Chevron deference to the agency's interpretation of statutes. Now we've sort of gone off in petitioner's tangent of why the various statutes interact, but this could have been easily answered by the agency. And returning to judge Graber's sort of secondary questions about the right to counsel, the right to counsel claim is particularly confused here where petitioner has counsel before CIS and that same counsel aided him in preparing those filings. So we can talk about the technicalities and pros say or not, but at the end of the day, what we know is an attorney prepared these documents, his attorney before CIS, there's no great complexity there. Now, if that attorney wanted to raise this right of counsel claim, that definitively is unexhausted. The agency was never put on notice to suggest that anything he said before the immigration judge should be somehow ignored. Indeed, it's in fact before this court right now, before an oral argument for the first time that petitioners suggested that somehow testimony must be ignored. Yeah, I can't answer questions that are not before the agency. So we simply can't discuss something that the agency never was given an opportunity to address. If petitioner's attorney, attorney Magana decided that that was an issue that she felt necessary to raise, she could have done it when she filed her two page brief on appeal and a revamp motion. So that's the issue simply not before the court. To address your judge Collins questions about the status of the, excuse me, the T visa. The T visa is still pending and that includes all the necessary aspects of it, including the I-914 and the waivers of indisability. Petitioner's reply brief actually notes that CIS sent an RFE, a request for evidence and suggested somehow that helps him. It does not. An RFE is sent when a application is not grantable. RFEs are not sent when it is grantable. And in fact, this RFE was sent because of the waivers of indisability. Counsel, you're, you're now making an argument on the merits of whether the T visa application was prima facie approvable and that's exactly what the BIA was supposed to decide and did not. So how, how is it we can even reach your argument that you're making now? Yeah. And I'm not suggesting that is an argument because the agency wasn't told by petitioner's counsel, any of this. Well, but now let me stop you there. Cause I'm looking at the brief that you signed it on AR 141. And what it says is the immigration judges, and this is his pro se, the immigration judges decision was arbitrary and an abuse of discretion because she failed to apply matter of Sanchez Sosa indicating that an alien who has filed a prima facie approvable petition for U visa with the U.S. citizenship and immigration services will ordinarily warrant a favorable exercise of discretion. Similar to Sanchez Sosa, I have filed an approvable T visa with USCIS and should have been granted a continuance for a reasonable period of time. See exhibit one complete T visa application. Why doesn't that preserve the, the issue and raise the issue that he presented a prima facie approvable application and then, and, and asked for application of Sanchez Sosa asked for remand and the BIA just said, well, this is, this is collateral, that's all they said in response because these are two separate issues, it is an awkward discussion because it is an awkward discussion because what we have is the denial of continuance and that's what it says. He should have been granted a continuance by the IJ, but petitioners reply brief explicitly abandons any disagreement with that issue. So then what we have is a brief on appeal and motion to remand. And this is a pro se paper. I think you'd construe that as saying I should get a remand under Sanchez Sosa because I presented a prima facie approvable T application and see, see the attached copy here. It is. Again, your honor, we would disagree. That's pro se given at the bottom of the second page, it explicitly says it was prepared and reviewed by attorney Magana, his attorney. But nonetheless, what it doesn't address is the requirements of a motion to remand. Now it is sort of this awkward situation. We have a motion to remand that's laid on top of a continuance issue. But what we need is evidence in the motion to remand to show that the continuance should have been granted or should be remanded for a grant of a continuance. There's two separate issues here. And what the case law is clear is petitioner has the burden of proof to show that remand is necessary. Thank you. Thank you. You have exceeded your time. And I think we understand the position and Ms. Time remaining. Thank you, your honor. I'd like to briefly address the issue of whether Mr. Rodriguez was actually pro se. I don't think there's any actual dispute about that issue. And I would direct the court to the BIA's own opinion. The very first page of the BIA's opinion, page two of the record states that Mr. Rodriguez is pro se. Um, I, counsel, what about, what about the language, um, that opposing counsel just referred to on AR 142? It says, um, that this attorney, um, Magana, um, made it, her appearance in this matter is limited to the assistance in preparing this brief. It says it on that. So how can we construe that as pro se? Um, Mr. Rodriguez's notice of appeal and the brief stated that he was proceeding pro se, Mr. Ms. Magana assisted him only in a very limited capacity. Um, I will represent to the court that I reached out to her and she told me that her role was actually in assisting him getting it on file. Um, whether someone is proceeding pro se isn't a sliding scale. Someone either is proceeding pro se or they are not. All of Mr. Rodriguez's papers stated that he was pro se. And again, the BIA's own order states that he is pro se. I don't believe that this court should be reconsidering whether he was or was not pro se. But regardless, the issue was preserved. And as Judge Collins points out, the BIA addressed the issue. The BIA addressed whether Mr. Rodriguez would have been entitled to a continuance based on his T visa application and said he was not. And there there's no way to read the record as that issue having not properly been preserved, whether or not he was pro se once the BIA actually addressed it, the issue here is that the BIA simply didn't apply the right standard in addressing that issue. And the case law is abundantly clear that when the BIA does not follow its own precedent, when it does not follow its own standards, that is an abuse of discretion and reversible error. Um, I would direct the court to the seventh circuit's recent decision in where on remit, where the petitioner had filed a remand motion to the BIA, asking the BIA to send back the case to the immigration court to reconsider a continuance request in light of a visa application, just like here, the BIA issued a very perfunctory ruling that didn't actually engage with the visa. The application didn't assess whether it was prima facie approvable. And what the seventh circuit said is that it's the court of appeals role to ensure that the BIA handles petitioner's applications in accordance with the procedures the board itself has established. And that's what we're asking the court to do here, to send this case back to the BIA and remind the BIA that it needs to apply its own precedent, which in this case is the Sanchez-Sosa standard. Thank you very much, counsel. The case just argued is submitted and the court is very appreciative of pro bono counsel taking this case. It's quite helpful to the court when we have a willingness on the part of lawyers to, to assist the court in that way.
judges: GRABER, COLLINS, Groves